UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| ANTHONY BARBER, | Case No. 1:17-cv-00318-BLW |
| --- | --- |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| CPL. COX, SGT. NICODEMUS, D.W. McKAY, LT. D. MARTINEZ, and WARDEN RANDY BLADES, | |
| Defendants. | |

## INTRODUCTION

Before the Court is Plaintiff Anthony Barber's Motion for An Extension of Time (Dkt. 23) and his Motion for Appointment of Counsel Circumstances (Dkt. 21). For the reasons explained below, the Court will deny both motions.

## BACKGROUND

Anthony Barber is an inmate in the custody of the Idaho Department of Corrections ("IDOC"). In August 2017, Barber sued defendants, alleging that his cellmate, Greg Nelson, forced oral sex on him repeatedly during June and July 2017. Barber says when he asked IDOC staff for help, defendants not only failed

to protect him, but punished him with a Disciplinary Offense Report for engaging in sexual activity.

On October 11, 2018, defendants moved for summary judgment. Dkt. 16. Barber says he asked a fellow inmate, Jody Carr, to prepare his response. Carr prepared the response, along with a cross-motion for summary judgment, and "sent them all back to him via the ISCC paralegal for him to read, sign, date, and file." *Carr Aff.*, Dkt. 21-1 at 1. Barber says he received the papers Carr prepared and that on October 21, 2018, he "filed" these documents "via the ISCC Paralegal . . . ." *May 2, 2019 Letter Motion,* Dkt. 23, at 1.

The Court, however, did not receive any response. Further, on December 3, 2018, defendants filed a reply brief in which they expressly stated Barber had not opposed their motion. *See* Dkt. 18. Defendants served this reply brief upon Barber, so he should have been alerted at that time that neither the defendants nor the Court had received any response to the motion for summary judgment. Barber, however, took no action. He did not file anything with the Court indicating that he had intended to file (and thought he had, in fact, filed) a response. Nor did he seek an extension of time in which to track down and file his response.

In the face of this silence, in February 2019, roughly two months after defendants filed their reply brief, the Court granted defendants' motion and entered judgment. The Court's order and judgment were mailed to Barber. *See* Dkts. 19,

20. Once again, Barber remained silent.

It was not until May 2019 – three months after the Court entered judgment – that Barber filed his pending motions. Barber says he did not become aware that his response had not been filed with the Court until late April 2019. He thus asks the Court for an extension of time to so that he can "find/locate and/or draft & File a New One." Dkt. 23, at 1. He also asks the Court to appoint counsel.

## DISCUSSION

1. **Motion for An Extension (Dkt. 23)**

Because the Court has already entered judgment in defendants' favor, it will construe Barber's motion for an extension as a motion to vacate under Federal Rule of Civil Procedure 60(b).

Rule 60(b) allows the Court to grant relief from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or

> vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, subsections (1) and (6) could potentially provide relief.

### A. Rule 60(b)(1)

Turning first to (b)(1), this sub-section authorizes relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Logically, the category at issue here would be excusable neglect. In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), the Supreme Court explained that excusable neglect under Rule 60(b)(1) applies when a party's failure to file on time is within "his or her control." *Id.* at 394. More generally, motions for relief from judgment under Rule 60(b)(1) must be filed within one year from the entry of judgment and they must satisfy the four-factor test the Supreme Court established in *Pioneer*. The test considers: (1) the danger of prejudice to the non-moving party; (2) the length of the filing delay and its potential impact on the proceedings; (3) the reason for the filing delay; and (4) whether the moving party acted in good faith. *Id.* at 395; *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). A district court must fully consider these factors in every case. *See, e.g., Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016).

Applying these factors here, two weigh in favor of granting relief, and two weigh against it.

The first factor is prejudice. Defendants have not come forward to identify any prejudice they would suffer, so the Court concludes that this factor weighs in favor of vacating the judgment. *See, e.g., TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (7th Cir. 2001) ("To be prejudicial, the setting aside of a judgment must result in greater harm that simply delaying the resolution of the case.").

The second and third factors, however, do not favor Barber. First, the delay in this case was substantial. Barber still has not filed a substantive response to defendant's motion for summary judgment, and he waited nearly seven months before he asked for an extension. And he has not given a good reason for such a lengthy delay. At a minimum, the Court would have expected Barber to come forward either in December 2018 or February 2019. At either of those points, he was informed that the Court had not received any opposition to the defendant's motion for summary judgment.

The final factor is whether Barber acted in good faith. The Ninth Circuit has "recognized that [if] a district court does not address good faith when conducting

the *Pioneer-Briones*[1] analysis, it may result in an abuse of discretion." *Lemoge v. United States*, 587 F.3d 1188, 1194 (9th Cir. 2009). Barber's actions do not rise to the level of bad faith. Thus, this factor weighs in favor of vacating the judgment.

Thus, as already noted, two factors weigh in favor of granting relief and two weigh against relief. The Ninth Circuit has made clear, on several occasions, that no one factor is more important than the other, and that the weighing of the equitable *Pioneer* factors must be left to the discretion of the district court. *See, e.g., Mendez v. Knowles*, 556 F.3d 757, 765 (9th Cir. 2009); *Pincay v. Andrews*, 389 F.3d, 853, 860-61 (Berzon, J., concurring). Here, the Court concludes that relief is not appropriate, primarily because the two factors weighing against relief – the very long delay and the lack of a reasonable explanation for that delay – are so compelling. Although the court always prefers to litigate cases on the merits, parties must comply with deadlines and diligently litigate their cases. Granted, the odd filing will slip through the cracks, and the Court is typically amenable to granting extensions or other relief, as appropriate. But in this case, the delay was extremely lengthy and Barber has not come forward with a good reason for that delay. Accordingly, the Court cannot find that relief under Rule 60(b)(1) is warranted.

---

[1] In *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997), the Ninth Circuit concluded that the *Pioneer* standard governs analysis of excusable neglect under Rule 60(b)(1).

### B. Rule 60(b)(6)

Likewise, Barber has not shown entitlement to relief under Rule 60(b)(6), which allows the Court to consider "any other reason that justifies relief." To justify relief under Rule 60(b)(6), a party must show external " 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer*, 507 U.S. at 393. For the reasons just discussed, Barber cannot demonstrate that he was "faultless in the delay." To the contrary, he delayed in the face of receiving several documents that should have alerted him of the need to act, yet he continually failed to do so. Even as of this date, he has not filed a substantive response to defendant's motion for summary judgment. Accordingly, the motion will be denied.

### 2. Motion for Appointment of Counsel (Dkt. 21)

Barber also asks the Court to appoint counsel for him. He says his "inability to use the IDOC/ISCC Legal Resource Center/Paralegal coupled with being indigent and Raped numerous times meets the 'Extraordinary Circumstances' standard requiring Appointment of Counsel." Dkt. 21, at 2.

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981). Nevertheless, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.2004). When determining whether

"exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983).

Barber's motion does not address these factors. Rather, he states that he is indigent, he has had difficulty with the prison paralegal, and that he has been raped numerous times. While the Court is not unsympathetic to the circumstances he alleges, this does not amount to the extraordinary circumstances that must be present to appoint counsel. Alternatively, because the Court has declined to vacate the judgment in this case, the motion for appointment of counsel is moot.

## ORDER

**IT IS ORDERED that:**

(1) Plaintiff's motion for an extension of time, which the Court has construed as a motion under Federal Rule of Civil Procedure 60 (Dkt. 23), is **DENIED**.

(2) Plaintiff's Motion for Appointment of Counsel (Dkt. 21) is **DENIED.**

DATED: June 26, 2019

B. Lynn Winmill
U.S. District Court Judge